IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| MATTHEW JAY REHMEYER and | * | CHAPTER 13 |
| AMY LEE REHMEYER, | * | |
|     Debtors | * | |
| | * | CASE NO. 1:08-bk-03706MDF |
| PENNSYLVANIA STATE EMPLOYEES | * | |
| CREDIT UNION, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | ADV. NO. 1:09-ap-00017 |
| | * | |
| MATTHEW JAY REHMEYER and | * | |
| AMY LEE REHMEYER, | * | |
|     Defendants | * | |

**OPINION**

Before me is the motion filed by Matthew and Amy Rehmeyer ("Debtors") to dismiss the adversary case filed by Pennsylvania State Employees Credit Union ("PSECU") seeking a declaration that its claim against Debtors' bankruptcy estate is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Debtors' motion asserts that PSECU's Amended Complaint should be dismissed under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b) for failure to state a claim on which relief can be granted. It also argues that the case should be dismissed due to certain undisputed infirmities in the service of the Summons that was to accompany the Amended Complaint. I conclude that neither argument provides grounds to dismiss PSECU's case.

    *a.    Dismissal under Fed. R. Bankr. P. 7012(b)*

Under Rule 12(b) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Rule 12(b) is incorporated into adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7012(b). In deciding a motion to

1

dismiss under Rule 12(b)(6), a court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences that can be drawn therefrom in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief. *Kehr Packages, Inc.v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d. Cir.), *cert. denied*, 111 S.Ct. 2839 (1991). The court need not determine if the non-moving party ultimately will prevail, but only whether the plaintiff is entitled to relief under any set of facts that could be proved consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

For a debt to be held to be non-dischargeable under § 523(a)(2)(A), a creditor must prove that the debtor knowingly made a false representation intending to deceive the creditor, that the creditor justifiably relied upon the representation, and that the creditor sustained a loss as a proximate result of the false representation. *In re Rembert,* 141 F.3d 277, 280-81 (6th Cir. 1998); *In re Ophaug,* 827 F.2d 340, 342 n. 1 (8th Cir.1987) (citations omitted). In support of its case under § 523(a)(2)(A), PSECU alleges that both Debtors took cash advances from their VISA account shortly before filing for bankruptcy. Specifically, PSECU alleges that on July 24, 2008 Amy Rehmeyer obtained cash advances totaling $20,000.00 and repaid only $793.00 of this amount before filing for bankruptcy less than three months later. Similarly, PSECU also alleges that on the same date that his wife took several cash advances, Matthew Rehmeyer obtained $6,915.00 from his PSECU VISA account and made payments totaling only $795.00 prior to filing for bankruptcy. The Amended Complaint alleges that Debtors were insolvent at the time of the cash advances, that they did not have "the present or realistic future possibility to repay the

2

debt," and that they specifically intended to defraud PSECU by obtaining the advances. PSECU avers that it justifiably relied on Debtors' implied representations regarding their ability and intent to repay, and that it suffered losses totaling $25,635.15 as a result.

Debtors allege that the Amended Complaint must be dismissed because it lacks an averment that they made any misrepresentation of material fact in the process of obtaining their cash advances. I disagree. The Amended Complaint specifically alleges that Debtors made misrepresentations regarding their ability and intent to repay each time they obtained a cash advance. Ability and intent to repay are material facts in a case under § 523(a)(2)(A). *In re Geyer*, 344 B.R. 129 (Bankr. S.D. Cal. 2006); *In re Gallagher*, 333 B.R. 169 (Bankr. D. N.H. 2005). More generally, I find that the allegations of the Amended Complaint address each of the elements outlined above that are required to be proven in a case under § 523(a)(2)(A). Those allegations, read in a light most favorable to PSECU, show that the creditor may be entitled to relief. Accordingly, the Amended Complaint is sufficient to withstand Debtors' motion to dismiss under Fed. R. Bankr. P. 7012(b).

### b. *Dismissal for lack of proper service of a summons under Fed. R. Bankr. P. 7004*

Fed. R. Bankr. P. 7004(a)(1) specifies that certain provisions of Fed. R. Civ. P. 4 ("Rule 4") including *inter alia* Rule 4(c)(1) and 4(m), are applicable in bankruptcy adversary proceedings. Rule 4(c)(1) requires that a summons be served with a copy of the complaint. Rule 4(m) further provides that a summons must be served on the defendant within 120 days after the complaint is filed.[1] However, if the plaintiff does not serve a summons within ten days of the

---

[1] Rule 4(m) is expressed in terms of a directive to the court. "If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without

Case 1:09-ap-00017-MDF    Doc 15    Filed 04/14/09    Entered 04/15/09 10:40:30    Desc
Main Document      Page 3 of 6

date the summons was issued the plaintiff must request the clerk to reissue the summons. Fed. R. Bankr. P. 7004(e). Under Fed. R. Bankr. P. 7004(b)(9) and (g), if a debtor is represented by an attorney, service must be made on both the debtor and on his attorney.

The within adversary case was commenced on January 16, 2009 when PSECU filed its original complaint. On January 20, 2009, the Clerk issued the original summons, but at PSECU's request, the Clerk reissued the summons on March 2, 2009 (hereinafter "the March 2 Summons").[2] On February 4, 2009, PSECU filed its Amended Complaint, which was automatically e-mailed by the Clerk to Debtors' counsel upon filing. On February 27, 2009, Debtors answered the Amended Complaint and moved to dismiss it. On March 2, 2009, counsel for PSECU filed a certification that on the same date he served a copy of the Amended Complaint and the March 2 Summons on Debtors and their counsel. Having received the Amended Complaint directly from the Clerk, Debtors were able to file an Answer to the Amended Complaint three days before they were formally served with the March 2 Summons. This reversal in the typical filing sequence in an adversary matter forms the basis for Debtors' second argument for dismissal. Debtors assert that the Court has not obtained personal jurisdiction over Debtors because they were not properly served with a summons before they filed their answer and motion to dismiss.

At first blush, it appears disingenuous for Debtors, who voluntarily subjected themselves to the jurisdiction of this Court by filing a personal bankruptcy petition, to assert that this Court

---

prejudice . . . or order that service be made within a specified time."

[2]This was the second reissued summons that the Clerk provided to PSECU. Previously, on January 23, 2009, PSECU requested and received a reissued summons.

4

Case 1:09-ap-00017-MDF    Doc 15    Filed 04/14/09    Entered 04/15/09 10:40:30    Desc
Main Document    Page 4 of 6

lacks personal jurisdiction over them in a related adversary proceeding. But bankruptcy courts have held that, whether a defendant is a debtor or a non-debtor, a summons must be served under Fed. R. Bankr. P. 7004 in order for the court to obtain personal jurisdiction. *In re Redmond*, 399 B.R. 628 (Bankr. N.D. Ind. 2008); *In re Tuzzolino*, 71 B.R. 231 (Bankr. N.D. N.Y. 1986) (service of dischargeability complaint on debtors' counsel did not relieve creditor of duty to serve debtors themselves). The purpose of a summons is to notify a party that an action has been brought against it and to bring that party under the court's jurisdiction. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.") "Service of process . . . is fundamental to any procedural imposition on a named defendant. . . . In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* 526 U.S. at 350.

If process has not been properly served, the trial court may either dismiss the complaint for failure to effect service or simply quash service of process. *Umbenhauer v. Woog*, 969 F.2d 25, 30 -31 (3d Cir. 1992). "[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the . . . court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Id., citing Richardson v. Ingram Corp.,* 374 F.2d 502, 503 (3d Cir.), *cert. denied,* 389 U.S. 866 (1967).

In the instant case, there is no basis for either dismissing the Amended Complaint or quashing service. The original complaint was filed on January 16, 2009. Under Rule 4(m), PSECU was permitted to serve a summons regarding that complaint at any time between the

filing date and May 15, 2009. Under Fed. R. Bank. P. 7004(e), PSECU was required to request a new summons from the Clerk when the original summons expired on January 26, 2009. PSECU did not serve the original summons within ten days, but duly requested a new summons on March 2, 2009. The reissued summons was intended to accompany the Amended Complaint that was filed on February 4, 2009. On March 2, 2009, a date well within the 120-day limit set by Rule 4(m), PSECU certified that it had served a copy of the Amended Complaint on Debtors at their residence as well as on their counsel of record. Accordingly, PSECU has complied with all the required rules of service. Therefore, the motion to dismiss must be denied.[3]

An appropriate order will be entered.

By the Court,

Date: April 14, 2009

Mary D. France
Bankruptcy Judge

*This document is electronically signed and filed on the same date.*

---

[3] Rule 7002-1 of the Local Bankruptcy Rules incorporates, *inter alia*, Local Rule 7.5 of the local rules of the United States District Court for the Middle District of Pennsylvania. Rule 7.5 requires the filing of a brief by the movant within ten (10) days of the filing of a pre-trial motion such as a motion to dismiss. Rule 7.5 further provides that "if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed to be withdrawn." Debtors filed no brief in support of their motion to dismiss. Thus, it also would be appropriate for me find that the motion to dismiss is deemed to have been withdrawn.